UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| OKLAHOMA STATE TREASURER, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-0066 |
| | § | |
| LINN OPERATING, INC., | § | |
| | § | |
| Appellee. | § | |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

This appeal by the appellant, the Oklahoma State Treasurer ("the Treasurer"), seeks review and reversal of the Bankruptcy Court's Order dismissing the Treasurer's adversary complaint pursuant to Fed. R. Civ. Pro., Rule 12(b)(6). The Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1). The Treasurer asserts that the Bankruptcy Court erred by granting the debtor's motion to dismiss. After a careful review of the briefs, argument and attachments contained in the record, the Oklahoma Statutes and the Bankruptcy Court Order, this Court determines that the order of dismissal should be reversed.

### II. FACTUAL AND PROCEDURAL HISTORY

On May 11, 2016, Linn Operating, LLC, successor-by-conversion to Linn Operating, Inc., and fourteen affiliated entities filed voluntary petitions for relief in Bankruptcy Court.[1] On August 29, 2016, the Treasurer filed proofs of claim against certain of the debtor affiliates

---

[1] The Debtors in these chapter 11 cases are as follows: Linn Energy, Inc., reorganized successor-in-interest to Linn Energy, LLC; Berry Petroleum Company, LLC; Linn Co, LLC; Linn Acquisition Company, LLC; Linn Energy Finance Corp.; Linn Energy Holdings, LLC; Linn Exploration & Production Michigan LLC; Linn Exploration Midcontinent, LLC; Blue Mountain Midstream, LLC, successor-in-interest to Linn Midstream, LLC; Linn Midwest Energy LLC; Linn Operating, LLC, successor-by-conversion to Linn Operating, Inc.; Mid-Continent I, LLC; Mid-Continent II, LLC; Mid-Continent Holdings I, LLC; Mid-Continent Holdings II, LLC.

seeking possession of all "unclaimed property", pursuant to Oklahoma law. *See* 52 OK STAT §§ 52-551 *et. seq* (2017). On December 19, 2016, the debtors sought a vote from the Treasurer concerning the Plan(s) of Reorganization. The Treasurer did not return the ballot and, thereby, did not vote to accept or reject the debtors' Plan. Thereafter, on January 27, 2017, the Bankruptcy Court entered an Order confirming the debtors' Plan. On February 28, 2017, the Plans became effective pursuant to the Plan's terms and Linn Operating, LLC, became the successor-by-conversion of the several Chapter 11 affiliated bankrupt entities.

On May 25, 2017, the debtor objected to the Treasurer's claims on the bases that the debtor was not liable to the Treasurer, and further, because of Bankruptcy Code preemption. The Treasurer filed a response and later an amended response. Again, on June 14, 2017, the Treasurer amended its claim citing Oklahoma State Statutes in support of its claim and specifying the amount of unclaimed property sought. Thereafter, the Treasurer filed an adversary proceeding seeking to obtain funds designated as unclaimed property. In turn, the debtor filed a motion to dismiss the Treasurer's adversary proceeding arguing that the suit violates the Plan Discharge Provision, the Plan Injunction, the Plan Vesting Provision, and was barred by the doctrine of bankruptcy preemption.

On November 8, 2017, the Bankruptcy Court granted the debtor's motion to dismiss finding that: (a) the Treasurer received more than adequate "due process" thereby permitting it to make and prosecute its claim; (b) the Treasurer's complaint is a collateral attack on a confirmed Plan; and (c) the Treasurer failed to act in "good faith", presumably by, not diligently pursuing its claim according to the Bankruptcy Code.[2]

## III. THE DEBTORS' CONTENTIONS

---

[2] The bases for granting the debtors' motion to dismiss are not stated in the Bankruptcy Court's Order. *See* [DE 24, Adv. Proc. No. 17-06008]. Therefore, this Court is relying on the Hearing Transcript, pp. 42, ll. 9-10, 43, ll. 1-3 at DE 28] for an understanding of the Bankruptcy Court's stated basis for granting the debtors' motion to dismiss.

In four points of error, the debtor asserts that the Bankruptcy Court properly dismissed the Treasurer's complaint because: (a) the complaint is barred by *res judicata* because the Treasurer "could have raised" the adversary proceeding issues during the Plan confirmation process; (b) adoption of the confirmation Plan by the Bankruptcy Court "renders the Treasurer's appeal both constitutionally and equitably moot"; (c) the Bankruptcy Court "correctly concluded that no set of facts exists . . ." upon which the Treasurer has a cognizable claim; and, (d) the Bankruptcy Code preempts Oklahoma concerning unclaimed property statutes.

## IV.   STANDARDS OF REVIEW

### A.   *Standard on Bankruptcy Appeal*

In reviewing a bankruptcy court's decision, a district court operates much like an appellate court, applying the standards of review typically applied in federal courts of appeal. *See In re Webb*, 954 F.2d 1102, 1103 - 04 (5th Cir. 1992) (internal citation omitted). To this end, a district court will not set aside a bankruptcy court's findings of fact, unless they are clearly erroneous. *In re IFS Financial Corp.*, 803 F.3d 195, 203 (5th Cir. 2015) (citing *In re Martinez*, 564 F.3d 719, 726 (5th Cir. 2009)). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (quoting *Hibernia Nat'l Bank v. Perez (In re Perez)*, 954 F.2d 1026, 1027 (5th Cir. 1992)). A bankruptcy court's conclusions of law, however, are reviewed *de novo*. *In re Dennis*, 330 F.3d at 701. Mixed questions of law and fact within a bankruptcy case are also reviewed *de novo*. *In re San Patricio Cty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009) (citing *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008).

### B.   *Standard Under Federal Rule of Civil Procedure 12(b)(6)*

Under the demanding strictures of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a "plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). Therefore, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V. UNDISPUTED FACTS AND CASE LAW

The judgment of the Bankruptcy Court erroneously dismisses the Treasurer's adversary proceeding in the face of the following undisputed facts and law(s). It is undisputed that:

(a) Title 11 U.S.C. § 541(a)(1) of the Bankruptcy Code does not expand a debtor's rights against creditors and others beyond those that existed at the commencement of a bankruptcy proceeding;

(b) the debtors in this case held no legal or equitable interest in the unclaimed property, superior to the rightful owners. As such, the debtors who held only legal title and not equitable title to the unclaimed property at the time that they filed bankruptcy, can assert claims against unclaimed property only to the extent of the legal title. The debtors became "trustees" for the benefit of the rightful equitable owner(s). *See Harber Oil Co. v. Swinehart*, 12 F.3d 426, 435 (5th Cir. 1994). *Harbor Oil* addressed a claim by Swinehart, the debtor, that arose under contracts where he was to receive a percentage working interest in the gas and oil prospects. Swinehart, was a "creditor" within the meaning and intent of the Bankruptcy Code. *See* 11 U.S.C. § 101(10)(A). Therefore, bankruptcy rules consistent with state law applied to his claim. *Id.* at 435. Nevertheless, because a constructive trust was "impressed" upon the Estate because state law mandated it so. *Id.*; *see also* 11 U.S.C. § 541(d). Therefore, property held at the time the debtors filed their bankruptcy proceedings, or is identified as belonging to third parties thereafter, remains the property of the individuals to whom the funds are due and do not become part of the debtor's bankrupt Estate. *Begier v. Internal Revenue Service*, 496 U.S. 53, 59 (1990); *see also In re Lenox Healthcare, Inc.,* 343 B.R. 96, 100 (Bankr. D. Del. 2006);

(c) prior to confirmation of the debtors' plan, the debtors filed a report with the Treasurer disclosing that the debtors were in possession of $965,216.72 in unclaimed property, which funds are/were reportedly part of the debtors' "Suspense Fund(s)";

(d) the debtors failed to turn over the unclaimed property to the Treasurer in conformity with state law. Relevant Statutes 52 OK STAT §§ 52-552, 52-556, 52-570.10; 60 OK Stat §§ 60-661, 663 provide:

(1) Section 52-570.10 requires that: "[a]ll proceeds from the sale of production shall be regarded as separate and distinct from all other funds . . . Any person holding revenue . . . shall hold [same] for the benefit of the owners legally entitled thereto . . ."

(2) Section 60-663 provides that: "a person who is required to file a [report of abandoned property under § 60-661] . . . shall . . . pay . . . to the State Treasurer all abandoned property . . ."

(3) Section 52-552 provides that: "The Corporation Commission shall require the establishment of an escrow account . . . [for] . . . [P]ersons entitled to the receipt of such monies . . . [that] are unknown or cannot be located after exercise of due diligence . . . shall require reports of each such account . . . and submit the report of funds that have been held in escrow . . . to the Corporate Commission."; and,

(4) Section 52-556 provides that: "The State Treasurer shall retain custody of the Mineral's Owner's Fund . . . in escrow accounts . . . such monies shall be subject to the Uniform Unclaimed Property Act."

(e) the debtors' Confirmation Plan acknowledges that the Plan's authority over unclaimed property is subject to the regulatory authority of a sovereign state or governmental agency. *See* [DE 7, Appendix 380 [the debtor admits that the Plan Vesting Provision vests only property that is part of the Estate]; *see also* Appendix 476 [" . . . Reorganized Debtor shall operate their business . . . in compliance with any applicable federal, state, or local laws and regulations"].

## VI.   DISCUSSION AND ANALYSIS

The Court's decision rests, first and foremost, in its determination that the unclaimed property sought by the State of Oklahoma is not subject to adjudication by the Bankruptcy Court as part of the debtor(s) bankruptcy Estate and, therefore not subject to the debtor(s) Confirmation Plan. This decision is proper because the funds never became part of the property of the bankruptcy Estate. *See Harber Oil,* 12 F.3d at 435. Therefore, the debtor's reliance on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) in support of its *res judicata* contentions is misplaced. The Court is of the same opinion as it relates to the debtor's claim of "mootness", claim bar based on various equitable Plan defenses and preemption.

Espinosa was a debtor and United Student a "true" creditor. United Student sought reimbursement on student loans. That is not the case here -- the Treasurer is not a creditor. *See* 11 U.S.C. § 101(10)(A). The fact that the Treasurer filed a claim in the bankruptcy proceeding, seeking unclaimed property, does not bring the Treasurer within the definition of "creditor" defined by the Bankruptcy Code. Nor, does the Treasurer waive its sovereign status by filing a claim. Like a debtor who is in possession of unclaimed property pursuant to state law, the Treasurer, too, is a trustee by operation of law. *Begier*, 496 U.S. at 59. *Haber Oil,* 12 F.3d at 435. Therefore, there is no conflict between *Haber* and *Espinosa* because a bankruptcy court is without authority to declare unclaimed property, property of a debtor's estate.

*Begier* and *Haber Oil* teach that the Treasurer is a trustee and, because of that status, the debtor's protestations are rendered moot. The debtor argues here that the adversary proceeding was a collateral attack against the Plan, the Plan process provided adequate "due process" to the Treasurer, the Treasurer failed to act in good faith and the adversary proceeding is barred by *res judicata*. The debtor relies on a myriad of cases like or similar to the two addressed hereafter.

The Court rejects the arguments presented in *In re Drexel Burnham, Lambert Group, Inc.,* 151 B.R. 684 (Bankr. S.D.N.Y. 1993). There the bankruptcy court addressed arguments about pre- and post-petition relating to abandoned or unclaimed property. Those issues were not before the Bankruptcy Court in this case. Moreover, those arguments are not relevant and would not have made a difference here. Likewise, the arguments presented in *In re Thomson McKinnon Sec. Inc.,* 125 B.R. 88 (Bankr. S.D.N.Y. 1991) and also relied on by the debtor, are inapplicable. There, the court erroneously categorized the state's claim as one presented by a "creditor". That ruling, too, is "off the rails" and does not aid the Court in this case.

## VII. CONCLUSION

The Court concludes that the Treasurer, when pursuing unclaimed property pursuant to state law, does not become a creditor who must file a claim in the manner of a creditor, or risk waiving its rights and duties under the State Statutes. Moreover, the Treasurer is not an equity security holder. Once the Treasurer notifies the debtor of its statutory rights to unclaimed property, the debtor's duty to act as trustee and its right to hold the property ends. Therefore, the property held by the debtor for the Working Interest Owners and Mineral Payees, is not property of the debtor's Estate. *BFPV v. Resolution Trust Corp.,* 511 U.S. 531, 544 (1994) (internal citations omitted).

The judgment of the Bankruptcy Court is REVERSED and the case is REMANDED for further administrative proceedings consistent with this ruling.

It is so Ordered.

SIGNED on this 29th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge